IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PMG INTERNATIONAL, LTD., | § | |
| *Plaintiff,* | § | SA-20-CV-00148-FB |
| vs. | § | |
| THE TRAVELERS INDEMNITY COMPANY OF AMERICA, | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant the Travelers Indemnity Company of America's Opposed Motion to Preclude Attorney's Fees under Section 542A.007 and Brief in Support Thereof [#2]. All dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#4]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant's motion be **GRANTED**.

**I. Analysis**

This case arises out of an insurance dispute between Plaintiff PMG International, Ltd. ("PMG") and Defendant Travelers Indemnity Company of America ("Travelers") related to storm damage to one of PMG's commercial properties insured by Travelers. PMG filed this lawsuit against Travelers in state court alleging breach of contract and various violations of the Texas Insurance Code after Travelers denied its insurance claim. Travelers removed the action to federal court and promptly filed the motion at issue in this Order.

1

By its motion, Travelers asks the Court for an order precluding PMG's recovery of attorney's fees pursuant to Section 542A.007 of the Texas Insurance Code due to PMG's failure to serve Travelers with a pre-suit demand before initiating this litigation. Section 542A.007 governs the award of attorney's fees to a claimant in an action under the Texas Insurance Code and provides a limit on recovery of fees where a defendant was entitled to but not given pre-suit notice at least 61 days before the action is filed. Tex. Ins. Code. § 542A.007(d); *id.* at § 542A.003(a).

The full text of the provision is as follows:

> If a defendant in an action to which this chapter applies pleads and proves that the defendant was entitled to but was not given a presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the claimant, the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court. A pleading under this subsection must be filed not later than the 30th day after the date the defendant files an original answer in the court in which the action is pending.

*Id.* at § 542A.007(d). The required notice must provide (1) a statement of the acts or omissions giving rise to the claim; (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and (3) the amount of reasonable and necessary attorney's fees incurred by the claimant. *Id.* at § 542A.003(b). Pre-suit notice is not required if giving notice is impracticable because (1) the claimant has a reasonable basis for believing there is insufficient time to give the pre-suit notice before limitations will expire; or (2) the action is asserted as a counterclaim. *Id.* at § 542A.003(d). The 60-day notice requirement is to "discourage litigation and encourage settlements of consumer complaints" by allowing the insurer the opportunity to make a settlement offer prior to the filing of suit. *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992) (internal quotation and citation omitted).

Accordingly, to prevail on a motion under Texas Insurance Code section 542A.007(d) to deny or limit an award of attorneys' fees to a plaintiff, a defendant must "plead and prove" that it was entitled to but was not given pre-suit notice at least 61 days before the date the action was filed as required by section 542A.003. Tex. Ins. Code Ann. § 542A.007. Travelers has done so by timely filing its motion with supporting evidence within 30 days of the date it filed its answer.

The record reflects that Travelers filed its answer on January 21, 2020 in state court, invoking Section 542A.007(d)'s limitation on attorney's fees. (Orig. Answer [#1] at 17–19.) Travelers filed its motion on February 14, 2020, less than 30 days later. Travelers's motion and the exhibits attached thereto establish that Travelers issued its denial letter to PMG with regard to the insurance claim underlying this suit on December 6, 2017. (Denial Ltr. [#2] at 225.) It is undisputed that PMG did not serve Travelers with a pre-suit demand as required by Section 542A.003 before filing suit on December 12, 2019 under various provisions of the Texas Insurance Code. (Fluharty Decl. [#2] at ¶ 6; Orig. Pet. [#1] at 10–15.)

PMG has not filed a response to Travelers's motion that might have provided the Court with an explanation as to the reason for the lack of pre-suit notice or an argument as to the impracticability of providing such notice. According to this Court's Local Rules, PMG's response to Travelers's motion was due within 14 days of the motion's filing, on or before February 28, 2020. *See* Loc. R. CV-7(e) (responses to dispositive motions due within 14 days of motion's filing). Pursuant to Local Rule CV-7(e), if there is no response filed within the time period prescribed by the rules, the court may grant the motion as unopposed.

Travelers has therefore pleaded and proved its entitlement to pre-suit notice and PMG's failure to provide such notice. Due to PMG's lack of response to Travelers's motion, PMG has advanced no basis for why it did not timely provide Travelers with pre-suit notice as required by

3

the Texas Insurance Code. PMG therefore should be precluded from recovering attorney's fees incurred after February 14, 2020, the date Travelers filed its motion.

## II. Conclusion and Recommendation

Having considered Travelers's motion, the record in this case, the governing law, and the lack of any response from PMG, the undersigned recommends that Defendant the Travelers Indemnity Company of America's Opposed Motion to Preclude Attorney's Fees under Section 542A.007 [#2] be **GRANTED** and the Court limit the recovery of PMG's attorney's fees such that PMG is not entitled to recover fees incurred after February 14, 2020.

## III. Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained

in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 11th day of March, 2020.

                                                ELIZABETH S. ("BETSY") CHESTNEY
                                                UNITED STATES MAGISTRATE JUDGE